IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SERENA LYNN ROTHSCHILD,** | : | |
| Administrator of the Estate | : | |
| of Gregory Rothschild | : | |
| Plaintiffs, | : | |
| v. | : | Case No: 2:09-cv-112 |
| | : | |
| **MOHAMMAD AHMED, M.D., et. al.,** | : | **JUDGE MARBLEY** |
| | : | |
| | : | **MAGISTRATE JUDGE ABLE** |
| Defendants. | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Dr. Mohammad Ahmed's ("Dr. Ahmed")'s Motion to Dismiss (Dkt. 13). Dr. Ahmed moves to dismiss Plaintiff Serena Rothschild ("Serena Rothschild")'s Complaint brought on behalf of the Estate of Gregory Rothschild for Eighth Amendment Constitutional violations resulting in 42 U.S.C. §§ 1983 & 1985 claims. For the reasons set forth below, Dr. Ahmed's Motion to Dismiss is **DENIED** as to Serena Rothschild's § 1983 claim and **GRANTED** as to the § 1985 claim.

### II. BACKGROUND

Plaintiff Serene Rothschild is the executor of the Estate of Gregory Rothschild. Gregory Rothschild, Serena Rothschild's father, was incarcerated in Morrow County Jail from May 3, 2008 to May 9, 2008. On May 9, 2008, while in the custody of the Morrow County Jail, Gregory Rothschild, who suffered from Chron's disease, died as a result of a perforation of the small intestine. On August 7, 2009, Serena Rothschild filed a complaint alleging that at the time of her father's death Dr. Ahmed was the treating physician at Morrow County Jail, that Dr.

Ahmed knew of her father's Chron's disease, that Dr. Ahmed delayed and denied medical treatment to Gregory Rothschild, and that Dr. Ahmed's actions showed a deliberate indifference to Gregory Rothschild's serious medical needs.

On August 27, 2009, Dr. Ahmed filed a Motion to Dismiss, alleging that Serena Rothschild failed to state a claim upon which relief can be granted.

### III. STANDARD OF REVIEW

A case may be dismissed if the complaint does not state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *Murphy v. Sofamor Danek Gp.,Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). However, the Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 127 S. Ct. 1955 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). The complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007)). While a complaint

need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S at 556).

## IV. LAW AND ANALYSIS

### A. §1983 Claim

In order to establish a §1983 claim, a plaintiff must prove that: (1) a person acting under color of state law; (2) deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir.2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Section 1983 does not itself provide any substantive rights, but instead is a vehicle by which plaintiffs may vindicate their federal rights. A court must, therefore, first identify the specific constitutional right at issue. *Albright v. Oliver*, 510 U.S. 266, 271(1994). Dr. Ahmed urges this Court to dismiss Serena Rothschild's 42 U.S.C. §1983 claim because she has not sufficiently pled either a Constitutional violation or that Dr. Ahmed was a state actor.

Serena Rothschild alleges that Dr. Ahmed violated her father's Eighth Amendment rights by showing deliberate indifference to his serious illness. The Supreme Court has long held that the "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citations omitted). In order to establish deliberate indifference, a plaintiff must show more than negligence, and rather must show "some intent indicating a

reckless disregard of a substantial risk of serious harm." *Cairelli v. Vakilian*, 80 Fed.Appx. 979, 983 (6th Cir. Nov. 17 2003) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). This inquiry involves both an objective and subjective inquiry. *Phillips v. Roane County*, 534 F.3d 531, 539 (2008). The objective inquiry looks to whether the plaintiff pleads the existence of a sufficiently serious medical need, and the subjective inquiry focuses on whether the plaintiff pled sufficient facts to show that the defendant "subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.; Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir.2001).

Under *Iqbal*, a civil complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. The Supreme Court further stated that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Accepting Serena Rothschild's factual allegations as true, this Courts finds that it is plausible that Gregory Rothschild's Eighth Amendment rights were violated due to deliberate indifference to his medical care, as the Complaint meets both the objective (sufficiently serious medical need demonstrated by Gregory Rothschild's death) and subjective (Complaint alleges that Dr. Ahmed knew of the Chron's disease, knew that Gregory Rothschild was deteriorating, and disregarded his condition) tests. The Constitutional deprivation prong of a §1983 claim has been meet for pleading purposes.

Dr. Ahmed claims that Serena Rothschild "does not allege that Dr. Ahmed was contacted or consulted about Rothschild's medical situation...". (Df. Br. Mot. to Dismiss, at 4.) This is contradicted by the Complaint, which alleges that Dr. Ahmed was the treating physician

employed at Morrow County Jail, that all the Defendants, including Dr. Ahmed, knew of Gregory Rothschild's Chron's disease, that the Defendants, once again including Dr. Ahmed, acted with deliberate indifference in Gregory Rothschild's medical care by delaying and denying care, and that this indifference led to Gregory Rothschild's untimely death. These allegations, taken together, amount to an allegation that Dr. Ahmed was contacted and consulted about Gregory Rothschild's medical situation for the purposes of surviving a motion to dismiss.

Turning to whether Serena Rothschild adequately pled that Dr. Ahmed is a state actor under §1983, the Supreme Court has held that a defendant acts under the color of state law when he exercises power "possessed by virtue of state law and made possible only because [he] is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). In *West*, the Supreme Court held that a physician, under contract with the state to provide medical services to inmates on a part time basis, was acting under the color of state law for the purposes of §1983 because the state had a duty to provide health care to inmates, and had transferred the responsibility for health care to the defendant. *Id*. at 54-55. *West* went on to explain that "[i]t is the physician's function while working for the State, not the amount of time he spends in performance of those duties or the fact that he may be employed by others to perform similar duties, that determines whether he is acting under color of state law.**"** ***Id***. at 56.

Dr. Ahmed asks this Court to dismiss Serena Rothschild's Complaint because she fails to plead adequately that he was a state actor. Dr. Ahmed claims that he was "employed to render an independent medical decision, and had no agreement of common purpose" with the state. (Dr. Br. Mot. to Dismiss, at 7.) To support his argument, Dr. Ahmed relies on *Collyer v. Darling*, 98 F.3d 211 (6th Cir. 1996) and *Straub v. Kolgore*, 100 Fed. Appx. 379 (6th Cir. 2004). Neither

*Collyer* nor *Straub* provides guidance here, as *Collyer* dealt with a district court's finding of summary judgment where the physicians involved had been found to be contracted on a one time basis, and *Straub* involved a plaintiff who had been transported to a local hospital, not a state prison or jail. At the motion to dismiss stage, the Court is not concerned with a challenge to a plaintiff's factual allegations. *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Rather, the Court looks to whether the complaint states a claim upon which relief can be granted. *Id.* In her Complaint, Serena Rothschild alleges that Dr. Ahmed was employed by Morrow County Jail to provide medical services to inmates. (Compl. ¶3.) Assuming Serena Rothschild's allegations to be true, this Court finds that she has adequately plead that Dr. Ahmed is a state actor for the purposes of a §1983 claim.

Serena Rothschild has adequately pled that Dr. Ahmed was acting under the color of state law and violated Gregory Rothschild's Eighth Amendment rights. Accordingly, the Complaint states a plausible claim for relief for a 42 U.S.C. §1983 claim, and Dr. Ahmed's Motion to Dismiss as to the §1983 claim is hereby **DENIED**.

### B. Section 1985 Claim

Section 1985 provides a cause of action where "[t]wo or more persons in any State...conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving...any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws...." 42 U.S.C. §1985(3). In order to survive a motion to dismiss for a §1985(3) claim, a plaintiff must show not only conspiracy, but must also allege membership in a protected class *and* discrimination on account of that membership. *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir.2000). *Bartell* noted that in *Browder v. Tipton*, 630 F.2d

1149 (6th Cir.1980), the 6th Circuit held that § 1985(3) only covers conspiracies against: 1) classes who receive heightened protection under the Equal Protection Clause; and 2) those individuals who join together as a class for the purpose of asserting certain fundamental rights. *Id.* (internal citations omitted); *see also United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 829 (under §1985 (3), a claimant must establish "some racial, or perhaps otherwise class-based, invidiously discriminatory animus.").

In this case, the Complaint does not allege: 1) that Gregory Rothschild was in a protected class; or 2) that he was discriminated against on account of his membership in that class. Given this, even if the Court were to accept Plaintiff's argument that the phrase "policy or custom" in paragraph 16 of the Complaint is a sufficient substitute for "conspiracy," Plaintiff will not have sufficiently pled a §1985 conspiracy claim. Accordingly, Dr. Ahmed's Motion to Dismiss is **GRANTED** as to the §1985 claim.

### C. Medical Malpractice

Dr. Ahmed argues that Serena Rothschild failed to meet the pleading standards for a medical malpractice claim under Ohio law. Serena Rothschild, however, freely concedes that she did not plead a medical malpractice claim. This Court will not, therefore, address Dr. Ahmed's arguments as to this issue.

### V. CONCLUSION

For the reasons stated above, Dr. Ahmed's Motion to Dismiss is **DENIED** as to Serena Rothschild's §1983 claim, and **GRANTED** as to the §1985 claim.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY, JUDGE**
**United States District Court**

**DATE: February 22, 2010**